RE: OPINION REQUEST REGARDING THE VALIDITY OF A LAW ENFORCEMENT AGREEMENT OF THE STATE WITH THE CHEROKEE NATION, THE UNITED STATES OF AMERICA AND OTHERS, FILED WITH THE SECRETARY OF STATE ON JULY 8, 1992, INFORMAL OPINION NO. 93-685.
THE ATTORNEY GENERAL HAS RECEIVED YOUR LETTER ASKING FOR AN OFFICIAL OPINION REGARDING THE VALIDITY OF A LAW ENFORCEMENT AGREEMENT FILED WITH THE SECRETARY OF STATE ON JULY 8, 1992, WHICH THE STATE ENTERED INTO WITH THE CHEROKEE NATION, THE UNITED STATES OF AMERICA, AND OTHERS. YOU ASK, IN EFFECT, THE FOLLOWING QUESTIONS:
 1. WHETHER THE CHEROKEE NATION LAW ENFORCEMENT AGREEMENT, CONSISTENT WITH THE SEPARATION OF POWERS PROVISION OF THE OKLAHOMA CONSTITUTION, ARTICLE IV, SECTION 1, AND THE POWER OF THE LEGISLATURE TO CREATE, DETERMINE AND MODIFY THE POWERS AND DUTIES OF STATE AGENCIES, CAN REQUIRE THE OKLAHOMA STATE BUREAU OF INVESTIGATION TO PROVIDE LAW ENFORCEMENT SERVICES TO OKLAHOMANS WHO RESIDE IN INDIAN COUNTRY WITHIN THE CHEROKEE NATION BY ASSISTING LAW ENFORCEMENT OFFICERS OF THE CHEROKEE NATION AND THE BUREAU OF INDIAN AFFAIRS?
 2. BY ENTERING INTO THE CHEROKEE NATION LAW ENFORCEMENT AGREEMENT, WHICH PROVIDES THAT ALL PARTIES TO THE AGREEMENT SHALL BE MEMBERS OF THE. CHEROKEE NATION LAW ENFORCEMENT COMPACT, AND FURTHER PROVIDES FOR THE SECRETARY OF THE COMPACT TO ACT AS THE ADMINISTRATOR AND COORDINATOR OF ACTIVITIES UNDER THE AGREEMENT, DID THE GOVERNOR UNLAWFULLY INTERFERE WITH THE LEGISLATURE'S POWER TO CREATE GOVERNMENT AGENCIES AND PROVIDE FOR THEIR POWERS AND DUTIES, IN VIOLATION OF OKLAHOMA'S SEPARATION OF POWERS DOCTRINE, PROVIDED FOR AT ARTICLE IV, SECTION 1 OF THE OKLAHOMA CONSTITUTION?
BECAUSE YOUR QUESTIONS ASK US TO EXAMINE A SPECIFIC AGREEMENT, WE RESPOND NOT BY ISSUING A FORMAL ATTORNEY GENERAL'S OPINION, BUT RATHER BY WAY OF THIS INFORMAL OPINION, WHICH IS THE OPINION OF THE UNDERSIGNED COUNSEL.
AS YOU KNOW, UNDER THE PROVISIONS OF 74 O.S. 1221 (1991), THE STATE OF OKLAHOMA HAS ADOPTED THE POLICY OF WORKING "IN A SPIRIT OF COOPERATION WITH ALL FEDERALLY RECOGNIZED INDIAN TRIBES IN FURTHERANCE OF FEDERAL POLICY FOR THE BENEFIT OF BOTH THE STATE OF OKLAHOMA AND THE TRIBAL GOVERNMENT." IN FURTHERANCE OF THAT POLICY, THE GOVERNOR, OR HIS NAMED DESIGNEE, IS AUTHORIZED TO NEGOTIATE AND ENTER INTO COOPERATIVE AGREEMENTS ON BEHALF OF THE STATE WITH FEDERALLY RECOGNIZED INDIAN TRIBES WITHIN THE STATE, TO ADDRESS ISSUES OF MUTUAL INTEREST. SUCH AGREEMENTS BECOME EFFECTIVE UPON APPROVAL BY THE JOINT COMMITTEE ON STATE TRIBAL RELATIONS. ID. AT SUBSECTION C. ADDITIONALLY, IN SOME INSTANCES, APPROVAL BY THE SECRETARY OF THE INTERIOR OF THE UNITED STATES, OR HIS DESIGNEE, IS REQUIRED. ID.
YOU HAVE ASKED US TO LOOK AT ONE PARTICULAR COOPERATIVE AGREEMENT — A LAW ENFORCEMENT AGREEMENT BETWEEN AND AMONG THE CHEROKEE NATION, THE UNITED STATES OF AMERICA, THE STATE OF OKLAHOMA, AND ITS POLITICAL SUBDIVISIONS, FILED WITH THE SECRETARY OF STATE OF OKLAHOMA ON JULY 8, 1992. THE BASIC PURPOSE OF THAT AGREEMENT IS TO PROVIDE EFFICIENT, EFFECTIVE AND THOROUGH LAW ENFORCEMENT AND POLICE PROTECTION TO THE CITIZENS OF THE STATE OF OKLAHOMA IN THE CHEROKEE NATION WHETHER OR NOT SITUATED ON INDIAN LAND. THE PARTIES TO THE AGREEMENT BECAME MEMBERS OF AN INTER-GOVERNMENTAL ASSOCIATION CALLED THE CHEROKEE NATION LAW ENFORCEMENT COMPACT. UNDER THE COMPACT'S TERMS, EACH MEMBER OF THE COMPACT IS AUTHORIZED TO ISSUE VARIOUS LAW ENFORCEMENT COMMISSIONS TO LAW ENFORCEMENT OFFICERS OF THE OTHER COMPACT MEMBERS. THUS, FOR EXAMPLE, THE CHEROKEE NATION IS AUTHORIZED TO ISSUE CHEROKEE DEPUTY MARSHALL'S COMMISSIONS TO EACH OF THE OTHER "AGENCIES" (OTHER ENTITIES SIGNING THE AGREEMENTS AND THEIR VARIOUS SUB-AGENCIES), AND STATE LAW ENFORCEMENT AGENCIES ARE EMPOWERED TO ISSUE COMMISSIONS TO OFFICERS OF THE CHEROKEE NATION AND THE BIA. COMPACT, SECTION 3A.
THE COMPACT ALSO: 1) ESTABLISHED THE PROCEDURES UNDER WHICH LAW ENFORCEMENT AGENTS OF ONE ENTITY APPLY FOR LAW ENFORCEMENT COMMISSIONS OF ANOTHER, 2) ESTABLISHED THE PREREQUISITES NECESSARY FOR ISSUANCE OF THOSE COMMISSIONS, 3) ENUMERATED THE GROUNDS UPON WHICH APPLICATIONS FOR A COMMISSION CAN BE DENIED, AND 4) ESTABLISHED THE PROCEDURES FOR SUSPENSION OR WITHDRAWAL OF A COMMISSION. COMPACT, SECTIONS 3A — 3G.
UNDER SECTION 4 OF THE COMPACT, THE POWERS OF OFFICERS COMMISSIONED UNDER THE AGREEMENT ARE ESTABLISHED.
THE COMPACT AT SECTION 11 PROVIDES FOR COOPERATIVE SERVICES AMONG MEMBERS OF THE COMPACT:
 "ALL STATE LAW ENFORCEMENT, CHILD WELFARE, JUVENILE, INVESTIGATOR, AND INCARCERATION AGENCIES, SHALL PROVIDE LAW ENFORCEMENT, PROTECTION, INVESTIGATORY, DETENTION AND INCARCERATION SERVICES TO RESIDENTS OF INDIAN COUNTRY WITHIN THE CHEROKEE NATION AND TO THE CHEROKEE NATION AND THE BUREAU OF INDIAN AFFAIRS AS IS EXTENDED TO RESIDENTS AND LAW ENFORCEMENT AGENCIES OF OKLAHOMA LOCATED OUTSIDE OF INDIAN COUNTRY. ALL PARTIES TO THIS AGREEMENT SHALL COOPERATE EACH WITH THE OTHER, TO PROVIDE COMPREHENSIVE LAW ENFORCEMENT PROTECTION ON INDIAN COUNTRY WITHIN THE CHEROKEE NATION . . ."
YOUR FIRST QUESTION ASKS WHETHER THE GOVERNOR, IN AGREEING TO THE ABOVE QUOTED PROVISION, VIOLATED THE STATE'S SEPARATION OF POWERS PROVISION BY EXERCISING A LEGISLATIVE POWER — THE POWER TO DETERMINE AND MODIFY THE POWERS AND DUTIES OF STATE AGENCIES. YOUR QUESTION IS BASED UPON THE ASSUMPTION THAT THE COMPACT CHANGED THE POWERS AND DUTIES OF THE OKLAHOMA STATE BUREAU OF INVESTIGATION. THE COMPACT, HOWEVER, DID NOT HAVE THAT EFFECT. UNDER EXISTING LAW, THE BUREAU IS EMPOWERED AND REQUIRED TO ASSIST OTHER LAW ENFORCEMENT AGENCIES AND OFFICERS:
 THE OKLAHOMA STATE BUREAU OF INVESTIGATION SHALL HAVE THE POWER AND DUTY TO:
 "1. MAINTAIN SCIENTIFIC LABORATORIES TO ASSIST ALL LAW ENFORCEMENT AGENCIES IN THE DISCOVERY AND DETECTION OF CRIMINAL ACTIVITY; AND
 2. MAINTAIN FINGERPRINT AND OTHER IDENTIFICATION FILES INCLUDING DNA PROFILES; AND
* * * * * *
 6. ASSIST THE DIRECTOR OF THE OKLAHOMA STATE BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL, THE CHIEF MEDICAL EXAMINER, AND ALL LAW ENFORCEMENT OFFICERS AND DISTRICT ATTORNEYS WHEN SUCH ASSISTANCE IS REQUESTED. IN ACCORDANCE WITH THE POLICY DETERMINED BY THE COMMISSION; 74 O.S. 150.2 (1991) (EMPHASIS ADDED).
AS NOTED, IN PARAGRAPHS 1 AND 6 OF 74 O.S. 150.2, THE BUREAU, UNDER EXISTING LAW, IS TO ASSIST ALL LAW ENFORCEMENT OFFICERS WHEN REQUESTED.
THE ASSISTANCE REQUIRED IS TO BE FURNISHED IN ACCORDANCE WITH THE POLICIES DETERMINED BY THE COMMISSION. THOSE POLICIES ARE PROMULGATED BY THE COMMISSION, UNDER THE PROVISIONS OF 74 O.S. 150.4 (1991), WHICH PROVIDES IN PERTINENT PART:
 "THE COMMISSION SHALL HAVE THE FOLLOWING POWERS AND DUTIES AND RESPONSIBILITIES:
 4. TO ESTABLISH GENERAL PROCEDURES WITH REGARD TO ASSISTING LAW ENFORCEMENT OFFICERS AND DISTRICT ATTORNEYS."
(EMPHASIS ADDED.)
THE COMPACT DOES NOT CHANGE OR ALTER THE POWERS AND DUTIES OF THE BUREAU. RATHER, THE EFFECT OF THE COMPACT IS TO AUTHORIZE MORE EFFECTIVE LAW ENFORCEMENT ON CHEROKEE INDIAN LAND IN OKLAHOMA BY ALLOWING FOR TRIBAL AND FEDERAL LAW ENFORCEMENT OFFICERS TO BE COMMISSIONED AS STATE LAW ENFORCEMENT OFFICERS, AND STATE LAW ENFORCEMENT OFFICERS TO BE COMMISSIONED BY THE TRIBE. THE OKLAHOMA STATE BUREAU OF INVESTIGATION, IN ASSISTING SUCH OFFICERS, IS SIMPLY PROVIDING THE ASSISTANCE IT IS ALREADY EMPOWERED AND DUTY-BOUND TO PROVIDE — ASSISTANCE IN ACCORDANCE WITH THE POLICIES DETERMINED BY THE COMMISSION. IN FACT, SECTION 11 OF THE COMPACT SPECIFICALLY INDICATES THAT THE ASSISTANCE WHICH THE BUREAU IS TO RENDER IS THE TYPE OF SERVICE "AS IS EXTENDED TO RESIDENTS OF LAW ENFORCEMENT AGENCIES OF OKLAHOMA OUTSIDE INDIAN COUNTRY." SUCH ASSISTANCE WILL THUS BE ASSISTANCE PROVIDED UNDER THE EXISTING STATUTES AND EXISTING COMMISSION POLICY.
AS THE CHEROKEE LAW ENFORCEMENT AGREEMENT DOES NOT ALTER OR CHANGE THE BUREAU'S EXISTING POWERS AND DUTIES, THE GOVERNOR, IN ENTERING INTO THE COMPACT, DID NOT VIOLATE THE LEGISLATURE'S PREROGATIVE OF ESTABLISHING THE DUTIES AND RESPONSIBILITIES OF THE BUREAU, IN VIOLATION OF THE OKLAHOMA CONSTITUTION'S SEPARATION OF POWERS PROVISION, ARTICLE IV, SECTION 1 OF THE STATE CONSTITUTION.
YOUR SECOND QUESTION DEALS WITH THE CHEROKEE NATION LAW ENFORCEMENT COMPACT CREATED IN THE LAW ENFORCEMENT AGREEMENT, AND THE COMPACT'S ADMINISTRATIVE OFFICER, THE COMPACT SECRETARY. THE AGREEMENT AT SECTION 2B PROVIDES THAT "PARTIES TO THE AGREEMENT SHALL BE MEMBERS OF AN INTER-GOVERNMENTAL ASSOCIATION CALLED THE CHEROKEE NATION LAW ENFORCEMENT COMPACT," AND FURTHER PROVIDES THAT "THE SECRETARY OF THIS COMPACT WILL ADMINISTER AND COORDINATE ACTIVITIES UNDER THIS AGREEMENT." YOU ASK WHETHER THE GOVERNOR'S AGREEING TO THESE PROVISIONS INTERFERES WITH THE LEGISLATURE'S POWER TO CREATE STATE AGENCIES AND PROVIDE FOR THEIR POWERS AND DUTIES.
WE CONCLUDE THAT THESE PROVISIONS OF THE COMPACT IN NO WAY INTERFERE WITH THE LEGISLATURE'S POWER TO CREATE STATE AGENCIES AND PROVIDE FOR THEIR DUTIES. THE COMPACT SECRETARY IS NOT A STATE OFFICER, NOR IS THE COMPACT A STATE AGENCY. RATHER, THE COMPACT IS AN ADMINISTRATIVE ENTITY CREATED UNDER THE COMPACT, AND THE SECRETARY IS AN OFFICER OF THAT ADMINISTRATIVE ENTITY. THE ENTITY ESTABLISHED IN THE COMPACT IS SIMILAR TO THOSE ESTABLISHED UNDER THE STATE'S INTERLOCAL COOPERATION ACT, 74 O.S. 1001, ET SEQ. IN SHORT, THE COMPACT CREATED IN THE AGREEMENT IS NOT A STATE ENTITY, NOR IS ITS SECRETARY A STATE OFFICER. CONSEQUENTLY, THE GOVERNOR'S AGREEING TO THE COMPACT AND ITS SECRETARY DID NOT INTERFERE WITH THE LEGISLATURE'S POWER TO ESTABLISH STATE AGENCIES AND PROVIDE FOR THEIR POWERS AND DUTIES.
FOR THE REASONS STATED ABOVE, IT IS THE OPINION OF THE UNDERSIGNED COUNSEL THAT THE GOVERNOR, IN ENTERING INTO THE LAW ENFORCEMENT AGREEMENT WITH THE CHEROKEE NATION AND THE UNITED STATES OF AMERICA, DID NOT VIOLATE THE SEPARATION OF POWERS PROVISION OF THE OKLAHOMA CONSTITUTION BY INAPPROPRIATELY INTERFERING WITH THE LEGISLATURE'S POWER TO CREATE STATE AGENCIES AND PROVIDE FOR THEIR POWERS AND DUTIES.
(NEAL LEADER)